O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARLEN LEE, | ) | CASE NO. SA CV 09-00104 RZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        The Commissioner found that Plaintiff suffered from back strain and carpel tunnel syndrome. At various points in her Memorandum in Support of Complaint, Plaintiff asserts that the Commissioner did not fully consider all her impairments. The Court finds this to be a useful starting point in its analysis.

        The record documents that, beyond the back strain and carpel tunnel syndrome which the Administrative Law Judge found, Plaintiff had other impairments to the back. These consisted of impairments to the thoracic spine [AR 176, 178] and to the lumbar spine, including lumbar stenosis and lumbar radiculopathy [AR 309, 376 and 383] and perhaps (if the Court is deciphering the physician's handwriting correctly), lumbar spondylosis [AR 309]. The Court does not understand the Administrative Law Judge's term "strain," which suggests a muscular problem sometimes easily resolved with rest, to include these other back problems.

The starting point of the five-step sequential analysis always is the determination of whether the claimant is working; if a claimant is working, the analysis stops there. 20 C.F.R. § 1520(a)(4)(i); *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003). Here, the Administrative Law Judge found that Plaintiff stopped working in February 2006. [AR 42] In this Court, the Commissioner argues that the Administrative Law Judge need not discuss each piece of evidence, and the fact that not all evidence was discussed is not determinative, because Plaintiff was able to work notwithstanding additional impairments. (Defendant's Memorandum in Support of Answer, 2-3, 9.) There are three problems with this argument. First, it is not a position that the Administrative Law Judge himself took, and the law is clear that the Court can review only the rationale supplied by the Administrative Law Judge. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). Second, at least some of the impairments were noted in diagnoses after Plaintiff stopped working [AR 309]. Third, even impairments that surfaced prior to the time Plaintiff stopped working, such as the lumbar radiculopathy [AR 378] can worsen over time; thus, even though the problem was diagnosed before Plaintiff stopped working, and even though Plaintiff received treatment, which the Administrative Law Judge acknowledged [AR 45], Plaintiff continued to receive numerous facet joint injections to address some of the lumbar problems, including after she had stopped working. [*e.g.*, AR 358-59] Perhaps she still would have been able to work; perhaps not; or perhaps she would have been able to work with a more limited residual capacity, one which did not provide that she could perform medium-level work. [AR 43] These are matters that need to be explored, and were not.

Therefore, the action needs to be remanded. Because of this disposition of the case, the Court does not address Plaintiff's arguments that the reasons advanced to discredit Plaintiff's complaints of pain were inadequate, and that there is new and material information bearing on Plaintiff's status. On remand, the Administrative Law Judge may wish to address these matters.

The decision is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion.

DATED: January 25, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE